PEOPLE ex rel. TROWBRIDGE v. COM. OF TAXES. 595

First Department, May Term, 1875.

THE PEOPLE ex rel. AMOS H. TROWBRIDGE, Adminis-
trator, and ELIZABETH HARDEN, Administratrix, etc.,
v. THE COMMISSIONERS OF TAXES AND ASSESS-
MENTS OF THE CITY AND COUNTY OF NEW YORK.

*Taxation — Shares of stock in foreign corporations — owners of, not personally subject
to taxation thereon — Bonds — how taxed.*

Residents of this State, owning shares of stock in a corporation created under and
by the laws of this State, or of any foreign State, are not subject to be person-
ally assessed and taxed thereon under the laws of this State.

Bonds, being evidence of a fixed indebtedness, are taxable at their actual value.

Certiorari to review the proceedings of the commissioners of
taxes, in assessing the relators, as administrator and administratrix
of George Harden, deceased.

*John E. Burrill,* for the relator. Under our statutes the assess-
ment is made upon the property of the corporation and not upon
the stockholder. (*Utica Co.* v. *Supervisors,* 1 Barb. Ch., 432;
1 R. S. [4th ed.], [marg. pag.] 388, §§ 1, 3; id., 714, §§ 1,
3; id. [marg. pag.], 415, §§ 6, 7, 10; id., 752, 753, §§ 6, 7,
10; *People* v. *Utica Co.,* 15 Johns., 382; *Indiana* v. *Woram,*
6 Hill, 33; *Mohawk Co.* v. *Clute,* 4 Paige, 384, 385; *Oswego
Co.* v. *Dolloway,* 21 N. Y., 449.) Under the statutes of this
State relating to taxation, the personal property of a resident
actually situated in another State, is not to be included in the
assessment here. (*People* v. *Commissioners of Taxes,* 23 N. Y.,
224; *People* v. *Gardner,* 51 Barb., 352; *Pacific Mail Co.* v. *Asses-
sors,* 47 How. Pr., 164.) Foreign corporations are inhabitants of
the States by whose laws they are created, have no power of migra-
tion, and can exist only in the State of their origin. (*Merrick* v.
*Van Santvoord,* 34 N. Y., 218, 219; *Stevens* v. *Phœnix Co.,* 41
id., 152–154; *Ohio and Miss. Co.* v. *Wheeler,* 1 Black [U. S.],
286; *Green* v. *Van Buskirk,* 7 Wall., 150.) Where a corpo-
ration is exempted by statute from taxation, the shareholders
cannot be taxed on their stock. (*State* v. *Brannin,* 3 Zab.,
484; *Tax Cases,* 12 Gill & J., 117; *Bank of Cape Fear* v.
*Edwards,* 5 Ired., 516; *Johnson* v. *Commonwealth,* 7 Dana, 338.)

596 PEOPLE ex rel. TROWBRIDGE *v.* COM. OF TAXES.

FIRST DEPARTMENT, MAY TERM, 1875.

The Revised Statutes provide that the shareholder shall not be taxed in respect to his shares in any corporation whose capital stock is taxed. (1 R. S. [4th ed.], 388; *Water Power Co.* v. *Boston,* 9 Metc., 199; *Gardiner Cotton Co.* v. *Gardiner,* 5 Greenl., 133; *Salem Iron Factory* v. *Danvers,* 10 Mass., 514; *Smith* v. *Burley,* 9 N. H., 423; *Gordon* v. *Mayor of Baltimore,* 5 Gill, 231; *Tax Cases,* 12 Gill & J., 117.)

*William Barnes,* for the respondent.

DAVIS, P. J. :

This case is brought to a hearing upon the return of the respondents, and the facts therein stated are to be taken as true. (*People ex rel. Westbrook* v. *Ogdensburgh,* 48 N. Y., 390.) The return states that the relators, as administrator, etc., of the estate of George Harden, deceased, were assessed by the deputy tax commissioner in the sum of $1,000,000 for personal property, and the same was entered in the annual record of assessed valuation of real and personal estate. That afterward, and in due time, the relators, claiming to be aggrieved by the assessment, made application to have the same corrected, and thereupon made the statement annexed to the return, marked "Schedule A," which, so far as the items of property are concerned, is as follows:

| | Nominal value. |
|---|---|
| 7,000 shares Mariposa preferred. No value. | |
| 3,843 shares Chicago, R. I. and Pac. | $376,614 00 |
| 3,000 shares Quicksilver preferred | 84,000 00 |
| 500 shares Mil. and St. Paul preferred | |
| do. do. | 27,500 00 |
| 340 shares St. Louis, A. and Terre Haute | 15,540 00 |
| 200 shares Wilkesbarre Coal Co | 4,000 00 |
| 9,000 shares Mariposa certificates. No value or sales. | |
| 19,000 North Carolina bonds. No value or sales. | |
| 535 shares Mil. and St. Paul common | 18,725 00 |
| Cash, Jan. 1, 1874, deposited in U. S. Trust Co | 148,000 00 |
| Total nominal value | $669,379 00 |
| Claims as stated | 115,000 00 |
| | $554,379 00 |

The relators also set forth in the schedule, that the stocks and securities above mentioned are the stocks of incorporated companies, and that, as relators believed, such companies are taxed and do pay a tax on their capital stock, and that there are claims and demands made against the estate, the extent of which are undetermined ; that they already amount to the sum of $115,000, and may exceed the amount of money belonging to the estate.

The schedule was duly verified, and the relators claimed that the assessment should be corrected by wholly vacating the same. The respondents thereupon reduced the assessment from $1,000,000 to $500,000, which latter amount they determined to be the sum at which the relators, in their administrative capacity, were taxable for the year 1874. They ascertained and fixed that sum, by taking the sum given in schedule A, as the total nominal value of the personal property belonging to said estate, to wit, $669,379 ; and deducting therefrom the ascertained claims against the estate, as set forth in schedule A, at $115,000, and the further sum of $54,379, to cover the amount of any unascertained claims.

We are of opinion that in determining the assessment in this case, the respondents proceeded upon erroneous principles. It was conceded by the respondents, on the argument, that the stocks, stated in the schedule as "3,000 shares Quicksilver preferred, nominal value $84,000," are stocks in The Quicksilver Mining Corporation, created by and under the laws of this State, and having its principal place of business in the city of New York. The *certiorari* states that it was organized for the purpose of operating mines in the State of California, and that its property is in that State. Conceding this to be true, it is nevertheless a New York corporation, and taxable upon its capital stock, under the laws of this State, as provided by section 3 of chapter 456 of the Laws of 1857. (*Oswego County* v. *Dolloway*, 21 N. Y., 459 ; *People ex rel. Pacific Mail Co.* v. *Commissioners of Taxes*, 8 S. C. [1 Hun], 143 ; affirmed by Court of Appeals.) The shares of stock held by the relators in that corporation, were not taxable to them. (N. Y. Stat. at Large, vol. 1, 360, 361.) We are of opinion, also, that the commissioners erred in including in their assessment the stocks of corporations created by and under the laws of other States.

Such corporations are taxable, and we must presume, in the

absence of proof, that taxes in their respective home States, are duly assessed and collected upon their capital stock or property. The stocks in such corporations, held by individuals here, are simple representatives of capital or property employed in business in other States, the title of which is vested in, and controlled by, the artificial person created by and residing in such States. They represent an interest which is or may become a membership in the corporation, and evidence of a right to participate in divided profit, and in the ultimate dividend of surplus, after the payment of all debts and obligations of the corporation. The stock certificates are not themselves the property, but are evidences of the rights just mentioned, to be possessed, enjoyed and enforced, under and in conformity with the laws of the State which created the body corporate. The property of the corporation, whether real or personal, in which these certificates of legal or equitable rights are outstanding, is not " *within this State*," which, by the general statute, is the test of taxability; but if any portion of it were, that fact would not affect the question now before us, for then, under our statutes, it would be taxable here, because of its *situs*, to its possessor or owner, but not to the mere holders of stock in the corporation. We think the case is fairly within the principle of *The People ex rel. Hoyt* v. *The Commissioners of Taxes* (23 N. Y., 224), and *The People* v. *Gardner* (51 Barb., 352). The commissioners should therefore have excluded the stocks of foreign corporations, by which we mean the corporations created by the laws of other States.

The commissioners should not have deducted the sum of $54,379 to cover unascertained claims. There was no evidence of any such indebtedness, and it was only stated as a mere conjecture, that such claims might be presented.

The commissioners will also be at liberty to inquire into the value of North Carolina bonds, which, being evidence of a fixed indebtedness, are taxable at their actual value.

The proceedings must be reversed, and the assessment remitted to the commissioners, with instructions to reassess the relators according to the suggestions herein expressed.

BRADY and DANIELS, JJ., concurred.

Ordered accordingly.